IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JENNIFER DUNBAR, )<br>President of the Cabarrus Republican Women, )<br> )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ABDUL RAHMAN EL ALI, individually )<br>and in his official capacity as Chairman of the )<br>Cabarrus County Republican Party; et al., )<br> )<br>Defendants. ) | 1:22CV597 |

**ORDER**

On July 29, 2022, Plaintiff Jennifer Dunbar filed a Complaint against the above-named Defendants alleging among other claims, Sex Discrimination in violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment, 42 U.S.C. §1983. (ECF No. 1). Before the Court is Plaintiff's Emergency Motion for Temporary Restraining and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, which was filed in this Court on today, August 2, 2022, at approximately 12:00 p.m. Defendants filed a Response in Opposition. (ECF No. 2).

Plaintiff, President of Cabarrus Republican Women, seeks a temporary restraining order and preliminary injunction to enjoin Defendants from removing her as a member of the Executive Committee of the Cabarrus County Republican Party at a meeting to be held tonight, August 2, 2022, at 6:30 p.m. (ECF No. 2). According to Plaintiff's Complaint "[t]his

is a case about pervasive sex discrimination against women by the Cabarrus County Republican Party that has become so egregious it is threatening to deprive [Plaintiff] of her county party leadership position and tarnish her good name. (ECF No. 1 at 1).

After a review of Plaintiff's Complaint and Motion for Relief, Defendant's Response and all attached exhibits to each of the parties filings, the Court concludes that Plaintiff has failed to make the required showing that she is entitled to the relief sought.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both injunctions and temporary restraining orders. Fed. R. Civ. P. 65. Such relief is extraordinary and will be granted "only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation marks omitted). The substantive elements for granting each of these forms of relief are the same. *MJJG Rest., LLC v. Horry Cty.*, S.C., 11 F. Supp. 3d 541, 550 (D.S.C. 2014) (citing *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying standard for preliminary injunction to a request for entry of a temporary restraining order)). To obtain such relief a Plaintiff must demonstrate: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities tips in her favor; and (4) that such relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four elements must be satisfied before either a temporary restraining order or preliminary injunction can be granted. *Id.*

Upon a review of Plaintiff's Complaint, it appears to this Court that the dispute between the parties has been occurring over a period of years. (ECF No. 1 at ¶49-62). Further, it appears that Plaintiff was provided "Notice" of the action of which she now complains and for which she seeks an emergency injunction on or about July 18, 2022. (ECF No. 2 at 26).

Moreover, while it is difficult to discern the exact nature and substance of Plaintiff's claims, based on a review of the above-described documents, the Court is not persuaded that Plaintiff has demonstrated a right to relief under Rule 65.

("[T]he grant of interim [injunctive] relief [is] an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied in [the] limited circumstances which clearly demand it." (second alteration added) (quoting *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 814 (4th Cir. 1991))). Accordingly, Plaintiff's motion for a temporary restraining order and/or preliminary injunction will be denied.

IT IS HEREBY ORDERED that Plaintiff's Emergency Motion for Temporary Restraining and Preliminary Injunction pursuant to Rule 65 is DENIED.

This, the 2nd day of August 2022.

/s/ Loretta C. Biggs
United States District Judge